

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-4387
Re: Whether the described travel
expense may be allowed as for
"state business."

You have requested an opinion from this department as follows:

"I am attaching hereto a request from Dean T. H. Shelby, Extension Division, for the approval of this Department of a trip to be made by him to the Adult Education Section of the National Education Association, February 21-26 in San Francisco, and that his expenses be paid from the Maintenance, Travel and Printing Funds of the University of Texas.

"From the facts given in these two letters is Dean Shelby authorized to reimbursement for expenses he might incur on this trip?"

Enclosures with your communication include two letters. One is over the signature of Mr. Leo C. Haynes, Secretary to the Board of Regents of the University of Texas, addressed to Dean T. H. Shelby, Division of Extension of the University, and reads as follows:

"The Board of Regents at the meeting held on January 24, 1942, granted you permission to attend and appear on the program of the Adult Education Section of the National Education Association meeting in San Francisco February 21-26. Your expenses are to be paid from the Maintenance, Travel and Printing Funds of the Dean's Office."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

The other is from Dean Shelby, addressed to the State Comptroller, describing the purposes of the proposed trip as follows:

"I am enclosing a letter from Secretary Haynes of the Board of Regents in which they have approved a trip which I have planned to make to San Francisco to address the Adult Education Section of the National Education Association, February 21-26, expenses to be paid from the Maintenance, Travel and Printing Fund of the Dean's office. I understand that in some cases these trips, when vouchers have been drawn against State Funds, have been disallowed. I am, therefore, writing to get a ruling on this matter before the trip is made. The following are the facts with reference to the matter:

"A large portion of the Extension service of the University of Texas comes under the classification of Adult Education, and, in order that we may keep up with the best developments in the field of Adult Education, and may be able to render the most effective service in the War effort in this connection, it is not only desirable but necessary that those of us responsible for this program shall attend National meetings and see what is being done in other institutions and in other states. I, regularly, have taught a course in Adult Education in the University here, and, for the last two years, I have held, and for this year am planning to hold, a Southwest Regional Conference on Adult Education. This, of course, necessitates our keeping up with the best of the latest thoughts in this field.

"As a member of the Department of Adult Education of the National Education Association, I am asked on this program to work out for the consideration of the group a plan for a professional Adult Education Workers Association, a Nation-wide order. I think it can easily be said, then, that this meeting, and my part in it, should be regarded as an important and essential part of the work that I am called upon to do."

In response to our request for additional information regarding the benefits from the trip, Dean Shelby has written this department as follows:

"I should like to enlarge upon the value to the University of such a meeting as I am proposing to attend. As stated in the letter, I have been taking the leadership in the Southwest, not only for Texas but even for Oklahoma and New Mexico, in holding the two Southwest Regional Conferences on Adult Education. The third of these Conferences is to be held next month here at the University, March 16, 17 and 18. This Conference is attended by representatives of institutions and agencies in the states that are directly interested in Adult education work. The Parent Teachers' Association, the General Federation of Womens' Clubs, the W.P.A., the C.C.C. Program, the N.Y.A. Program, the colleges and universities that are engaged in Adult Education, and representatives of the public schools in which Adult education programs are being carried on. This list is not exhaustive, but it will give you some idea of the people who would be benefitted by the Conference.

"The program this year deals specifically with the problem, Adult Education, How to Get the Job Done, and we will concentrate our attention largely on problems from the point of view of the community itself, and in direct relation to the present Defense program in the building up of community morale in behalf of the War effort. The program is being worked out at this time along these lines. I feel very definitely that the association I will have with leaders in the field in this National meeting will be of very great benefit in working out our own problems here in this State. In fact, while we can read about how the various projects are being carried on, it is next to impossible to have any very definite idea without talking to the people who are engaged in similar enterprises. I think the direct benefit, therefore, to the University and the State from my association in this Conference, and my participation in the Conference program in San Francisco is unquestionable. Whatever I may be able to give the Conference myself, which I assure you will be small, is nothing compared with the benefits which I, myself, will get for our own program here in Texas."

Subsection (3) of the general riders to House Bill No. 272, Acts of the 47th Legislature, the appropriation bill for the educational institutions of higher learning, provides as follows:

Honorable George H. Sheppard, Page 4

"Institutional Receipts. No property belonging
to any of the institutions herein provided for, or
any agency thereof, shall be sold or disposed of with-
out the consent of its governing board, and all pro-
ceeds from the sale of such property, from labor per-
formed, from the sale of materials, crops and supplies,
from fees, and any and all other receipts shall become
and are hereby appropriated as maintenance or contin-
gent fund to be expended under the direction and with
the approval of the governing board having jurisdic-
tion. Said governing boards are authorized to use out
of the proceeds of said receipts and funds, in accord-
ance with the provisions of this Act, such amounts as
they shall deem necessary for the support, maintenance,
operation and improvements of said institutions. Any
balances remaining to the credit of any of said insti-
tutional local funds at said institutions or in the
State Treasury at the end of any fiscal year are hereby
reappropriated for the above-mentioned purposes for
the succeeding year." (Emphasis added)

Subsection (6) of the general riders contains the fol-
lowing restriction:

"* * * No traveling expenses shall be incurred
by board members, heads of institutions, or by any
employee of any of the schools, or other agencies
named herein, inside or outside of the boundaries of
the State of Texas, except for State business, and no
travel shall be performed outside the State except
upon the advance written consent of the school's Board
of Regents or directors. The term 'maintenance' may
include the traveling expense. * * *"(Emphasis added)

Two legislative purposes are apparent from these provi-
sions. One that the expenditure of institutional receipts shall be
primarily under the direction and control of the governing board of
the educational institutions, the Board of Regents of the Univer-
sity of Texas in the matter before us. The other that, notwithstand-
ing the investment of control in the governing board, no traveling
expense shall be allowed except it be for state business.

Honorable George H. Sheppard, Page 5

It affirmatively appears that the Board of Regents of the University has authorized the proposed trip by Dean Shelby and has directed the payment of his traveling expense from the named funds. By necessary implication the Board of Regents has found that the University of Texas would be benefited by the trip and that it is one which should be made for the betterment of a division of the institution. See Foley vs. Benedict, 55 S. W. (2d) 805; Opinion No. O-4167 by this department.

The Division of Extension of the University of Texas has been an integral part of the institutional program since 1909. It holds membership in the National Education Association. The vital service rendered by the division and its various bureaus to the University, and to the people of Texas, is well known. See Opinion No. O-1047 by this department. As the head of this division, Dean Shelby is charged with its proper operation and continued development. Progressive improvement and timely services result from new plans, methods and programs. A knowledge of the experience and results of other educational institutions is of great importance. Personal conferences and the interchange of ideas are essential. These advantages exist in meetings such as the subject one of the National Education Association.

These considerations, and an evaluation of the matters described in the letters from Dean Shelby, demonstrate, in our opinion, that the proposed trip would constitute state business and the expenses incident thereto may be allowed and paid within the limitations otherwise prescribed in House Bill No. 272, Acts of the 47th Legislature.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 11, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By _Zollie C. Steakley_
Zollie C. Steakley
Assistant

ZCS:ej

P.S.: We return herewith the enclosures accompanying your letter.


APPROVED
OPINION
COMMITTEE
BY___
CHAIRMAN